IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 6 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02388-BNB

ANTHONY NATHANIEL ROMERO,

        Plaintiff,

v.

ARISTEDES W. ZAVARES, Executive Director of Colo. Dept. of Corrections, and
SEX OFFENDER TREATMENT PROGRAM TEAM,

        Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

        Plaintiff, Anthony Nathaniel Romero, is a prisoner in the custody of the Colorado

Department of Corrections at the Centennial Correctional Facility in Cañon City,

Colorado. Mr. Romero has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. §

1983. The court must construe the complaint liberally because Mr. Romero is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, Mr. Romero will be ordered to file an amended complaint.

        The court has reviewed Mr. Romero's complaint and finds that it is deficient.

First, it appears that the Defendant identified in the caption of the complaint as Sex

Offender Treatment Program Team is not a proper Defendant in this action. Mr.

Romero is advised that § 1983 "provides a federal cause of action against any person

who, acting under color of state law, deprives another of his federal rights." *Conn v.*

*Gabbert*, 526 U.S. 286, 290 (1999). As a result, it does not appear that the Sex Offender Treatment Program Team is a person subject to suit pursuant to § 1983. Therefore, Mr. Romero will be directed to file an amended complaint that clarifies who he is suing. Mr. Romero should name as Defendants in the amended complaint the persons he believes actually violated his constitutional rights.

The complaint filed by Mr. Romero also is deficient because he fails to allege personal participation by any person. In order to state a claim in federal court, Mr. Romero "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Romero must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Accordingly, it is

ORDERED that Mr. Romero file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

2

FURTHER ORDERED that the clerk of the court mail to Mr. Romero, together with a copy of this order, two copies of the following form:  Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Romero fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED October 26, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02388-BNB

Anthony Nathaniel Romero
Prisoner No. 82681
CCF
P.O. Box 600-Unit D3-2
Cañon City, CO 81215-0600

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10|26|09

GREGORY C. LANGHAM, CLERK

By: _____
                 Deputy Clerk