IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02388-BNB

ANTHONY NATHANIEL ROMERO,

Plaintiff,

v.

JAMES LANDER, M.A., L.P.C., Colorado Department of Corrections Sex Offender Treatment Program Coordinator, and
ARISTEDES W. ZAVARAS, Executive Director of Colorado Department of Corrections,

Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Anthony Nathaniel Romero is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Romero initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On October 26, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Romero to file an amended complaint that clarifies who he suing and how each Defendant personally participated in the asserted constitutional violations. On December 21, 2009, Mr. Romero filed an amended complaint.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Romero is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is

frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous pursuant to § 1915A(b)(1).

The Court must construe the amended complaint liberally because Mr. Romero is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Romero alleges that Defendant James Lander violated his constitutional rights when he imposed an S-4 sex offender classification code on Mr. Romero following an administrative hearing on May 22, 2009. Mr. Denson is suing Aristedes W. Zavaras, the Executive Director of the DOC, because Mr. Zavaras "oversees and is Responsable [sic] all Deptartments [sic] within Juristiction [sic] of Colo. Dep't of Corrections." (Am. Prisoner Compl. at 4.)

As Magistrate Judge Boland advised Mr. Romero, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Romero must show

2

that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). As a result, Mr. Romero may not sue Mr. Zavaras based solely on his allegation that he oversees and is responsible for all departments within the DOC. Therefore, because Mr. Romero fails to allege personal participation by Mr. Zavaras, the claims against Mr. Zavaras are legally frivolous and must be dismissed. Accordingly, it is

ORDERED that the claims asserted against Aristedes W. Zavaras are dismissed as legally frivolous and Aristedes W. Zavaras is dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 20 day of January, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02388-BNB

Anthony Nathaniel Romero
Prisoner No. 82681
CCF
P.O. Box 600
Cañon City, CO 81215-0600

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/21/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk