IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02388-REB-BNB

ANTHONY NATHANIEL ROMERO,

Plaintiff,

v.

JAMES LANDER, M.A., L.P.C., Colorado Department of Corrections Sex Offender Treatment Program Coordinator,

Defendant.

## MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Lander, by and through counsel, the Colorado Attorney General, moves to dismiss the Complaint (Doc. 12, filed December 21, 2009) for failure to state a claim upon which relief can be granted. In support, Defendant states as follows:

## STATEMENT OF FACTS

Plaintiff Romero is a *pro se* inmate of the Colorado Department of Corrections (CDOC). He brings suit under 42 U.S.C. § 1983, alleging constitutional violations related to his classification as an "S-4" sex offender.[1]  Doc. 12, p. 4.

Romero asserts he entered into a plea bargain in 1993 and was convicted of Criminal Trespassing. *Id.* at p. 3. His charges for First Degree Burglary and Sexual

---

[1] Under CDOC Administrative Regulation 700-19, inmates rated as S-4 sex offenders include those "who have a history of sexual assaults or deviance of which they may not have been convicted." A copy of Administrative Regulation 700-19 is available at the CDOC's website at www.doc.state.co.us.

Assault on a Child were dismissed. *Id*. Romero claims he was accused of fondling the daughter of his ex-girlfriend while he was breaking into her home to steal money and belongings. *Id.* at pp. 3-4. Romero was classified as an S-4 sex offender upon his incarceration in the CDOC in 1996. *Id.* at p. 4.

Romero discharged his sentence and came back to prison in 2009. *Id.* Romero claims that he received a hearing with the Sex Offender Treatment Program (SOTP) administration board on May 22, 2009 at the Fremont Correctional Facility. *Id.* Based on this hearing, Defendant Lander, the sex offender coordinator, and other SOTP committee members, determined Romero would remain an S-4. *Id.* The factual basis for this determination was made using the police reports associated with the 1993 charges. *Id.* at p. 5. Romero claims his attorney on his "other case" offered the "SOTP team" transcripts of "that case," but they "would not even read it." He also asserts the SOTP team never allowed him to do an "evaluation," which he describes as "high tech (Able Screen tests)." *Id.*

As a result of his S-4 classification, Romero claims he is not allowed to have photographs of or visits with minors, including his own children. *Id.* He also claims the committee members, including Lander, want him to register as a sex offender upon parole, even though he has never been convicted of a sex offense. *Id.* at pp. 4-5. Romero argues that his S-4 classification violates the Ex Post Facto Clause and implicates a liberty interest under the Due Process Clause. *Id.* at p. 6. He states that "bare allegations – i.e. police reports are considered factual and enough to add more punishment than the Court sentence." *Id.* at p. 5.

2

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

## ARGUMENT

### I.    ANY CLAIMS BASED ON ROMERO'S 1996 S-4 CLASSIFICATION ARE BARRED BY THE STATUTE OF LIMITATIONS.

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations contained in § 13-80-102, C.R.S. *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). Although Colorado law provides the limitations period for § 1983 actions, federal law determines when a § 1983 cause of action accrues.

3

*Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). A plaintiff may have knowledge of an injury even if he is unaware of all of the evidence ultimately relied on for his cause of action. *Baker v. Board of Regents v. State of Kansas*, 991 F.2d 628, 632 (10th Cir. 1993). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994).

Romero alleges he was classified as an S-4 sex offender in 1996. Doc. 12, p. 4. If Romero is asserting any due process claims based on this original classification, any such claims began to accrue in 1996. *Hunt*, 17 F.3d at 1266. These claims are barred by the two-year statute of limitations, since Romero did not file his Complaint until December 21, 2009. *Id.* at p. 8.

**II.   THE COMPLAINT FAILS TO STATE A DUE PROCESS CLAIM WITH REGARD TO THE 2009 S-4 CLASSIFICATION.**

**A.   Elements.**

To state a due process claim, a plaintiff must allege: (1) deprivation of a liberty or property interest protected by the Due Process Clause, and (2) the procedures utilized were inadequate under the circumstances. *Veile v. Martinson*, 258 F.3d 1180, 1184-85 (10th Cir. 2001).

### B. Elements not alleged by Plaintiff.

Romero fails to allege that the procedures used to classify him as an S-4 sex offender in 2009 were inadequate under the circumstances. *Veile*, 258 F.3d at 1184-85.

Although an inmate generally has no right to a particular classification, *a* narrow exception to this general rule has been carved out for sex offenders. Under *Chambers v. Colorado Dept. of Corrections*, 205 F.3d 1237, 1242-43 (10th Cir. 2000), *cert. denied*, 531 U.S. 962 (2000), an inmate cannot be labeled a sex offender "without some process" that tests the allegations that a sex offense was committed. The *Chambers* court did not specify the type of procedure required prior to classifying an inmate as a sex offender. However, relying on *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997), the *Chambers* court indicated that an agency's administrative hearing is sufficient. *Chambers*, 205 F.3d at 1243.

In *Neal*, Court held that an inmate must be given an opportunity to challenge the facts giving rise to a sex offender label in an adversarial setting. It then held that an inmate is entitled to the minimal process due under *Wolff v. McDonnell*, 418 U.S. 539 (1974), namely: (1) written notice of the hearing at least 24 hours before the hearing; (2) an opportunity to present relevant evidence and testimony; and (3) a written disposition following the hearing setting briefly forth the ruling, the evidence relied on, and the reason(s) for the ruling. *Neal*, 131 F.3d at 830; *see also Wolff*, 418 U.S. at 563-66.

The CDOC can classify an inmate who has *not* been convicted of a sex offense as a sex offender, if the inmate is provided with the procedural requirements set forth in *Wolff*. *See Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004). Additionally, there

5

must be "some evidence" to support the hearing panel's decision, and the decision maker must be impartial. *Id. See also Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)(A prison hearing panel's findings must be upheld if there is "some evidence" to support its decision).

According to Romero, he returned to prison in 2009 and was classified as an S-4 sex offender after a hearing on May 22, 2009.[2]  Doc. 12, p. 4.  Romero asserts the SOTP board members did not allow him to do an "evaluation." *Id*. at p. 5.  This assertion is vague and therefore insufficient to state a claim on which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Further, an "evaluation" is not a procedural protection mandated by *Wolff*.  See *Wolff*, 418 U.S. at 563-66.

In addition, Romero also asserts his attorney on his "other case" offered transcripts "of that case," but these transcripts were not read by the SOTP board. *Id.* This assertion is also vague because it is not clear to which case or transcripts Romero is referring.  It is also not clear whether these transcripts were presented during Romero's classification hearing.  Romero's allegations do not plausibly state a claim for the violation of the due process protections set forth in *Wolff*. *Iqbal*, 129 S.Ct. at 1949.

In addition, Romero's Complaint fails to adequately allege there was not "some evidence" to support his S-4 classification. *Gwinn*, 354 F.3d at 1219.  Romero asserts that "bare allegations" contained in police reports were used to classify him as an S-4

---

[2] Even though Romero asserts that he received a second sex offender classification hearing when he returned to the CDOC in 2009, nothing in the *Chambers* decision states that he was entitled to a second hearing.  See *Chambers*, 205 F.3d at 1242-43.

sex offender. Doc. 12, p. 5. However, written reports may be used as the basis for a sex offender classification. *Id.* at 1217 (Presentence Investigation Report containing victim's allegations used to classify inmate as a sex offender). The mere allegation that police reports were utilized to classify Romero as an S-4 sex offender is insufficient to state a due process claim. *Superintendent* 472 U.S. 445, 454 ("the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board"). "Bare allegations" in a report would still amount to "some evidence."

Romero also appears to assert that the dismissal of his Sex Assault charge should have affected the decision to classify him as S-4. *Id.* If he had been convicted in the criminal case, no classification hearing would have been necessary. The fact that the Sex Assault charge was dismissed merely necessitates the classification hearing under Administrative Regulation 700-19 and has no bearing on whether there was "some evidence." *Gwinn*, 354 F.3d at 1218-19.

### III.  ROMERO IS NOT ENTITLED TO VISITATION AND PHOTOGRAPHS.

#### A.  Elements not alleged by Plaintiff.

Romero fails to state a claim regarding his inability to visit his minor children because there is no right of access to a particular visitor, including family members. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 461 (1989) (Denial of visitation between inmates and their mothers upheld).

Visitation with a particular person is not a basic necessity. *Id.* Prison officials have broad discretion in establishing and enforcing rules governing the time, place and

manner of visitation, as well as restrictions or conditions placed on visitation. *Peterson v. Shanks*, 149 F.3d 1140 (10th Cir. 1998) (Denial of family visitation did not state a claim under § 1983 because inmates have no right to unfettered visitation and the inmate did not allege that the prison officials abused their broad discretion in controlling visitor access). *See also Ramos v. Lamm*, 639 F. 2d 559, 578-81 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981)(Prisoners do not have a right to contact visitation). *Wirsching v. Colorado Department of Corrections*, 360 F.3d 1191, 1205 (10th Cir. 2004)(Denial of visitation with minors to sex offender upheld).

With regard to Romero's claims concerning photographs of his children, an inmate has no constitutional right to possess personal property in prison. *Searcy v. Simmons*, 229 F.3d 1220, 1229 (10th Cir. 2002). Prison officials retain broad discretion to devise regulations concerning the amount and type of personal property that an inmate may possess in prison. *Abbott v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994). The same analysis found in *Sandin v. Conner*, 515 U.S. 472, 486 (1995) concerning existence of a liberty interest must be applied in answering the question of whether an inmate possesses a property interest. *Cosco v. Uphoff*, 195 F.3d 1221, 1223-24 (10th Cir. 1999). "The Supreme Court mandate since *Sandin* is that henceforth we are to review property and liberty interest claims arising from prison conditions by asking whether the prison condition complained of presents 'the type of atypical, significant deprivation in which a State might conceivably create a liberty [or property] interest.'" *Id*. at 1224.

The seizure and forfeiture of contraband is a typical incident of prison life, and is not a significant property interest deprivation. *Id.*(the regulation of the type and quantity of personal property inmates may possess in their cells is a not an atypical, significant hardship of prison life). Not allowing Romero, who is classified as a sex offender, to possess pictures of minors in his cell is not an "atypical or significant" incident of prison life that would warrant due process protections.

## IV. PARTICIPATION IN THE SOTP DOES NOT VIOLATE THE EX POST FACTO CLAUSE.

### A. Elements not alleged by Plaintiff.

Romero fails to state that the punishment for his current sentence has been increased due to his classification as a sex offender and participation in the SOTP.

The Ex Post Facto Clause, found at Article I, § 10 of the United States Constitution and Article II, § 11 of the Colorado Constitution, prohibits legislation which retroactively criminalizes an act which was legal at the time of its commission, increases the seriousness of the charge, or inflicts greater punishment than was authorized by law at the time of the commission of the act. *Raymer v. Enright*, 113 F.3d 172, 174 (10th Cir. 1997).

Requiring Romero to participate in the SOTP does not violate the Ex Post Facto Clause because it does not affect the legal consequences of Romero's crime or increase his punishment. *See Chambers*, 205 F.3d at 1241-42 ("application of the SOTP to him has not increased his punishment for he possesses no vested right in a particular parole date or parole hearing eligibility date"); *Neal*, 131 F.3d at 825-27 (The

9

SOTP does not criminalize conduct legal before its enactment and the treatment program is intended to be rehabilitative, not retributive).

### V. ROMERO FAILS TO STATE A CLAIM REGARDING REGISTRATION AS A SEX OFFENDER.

#### A. Elements not alleged by Plaintiff.

Romero fails to allege there is an actual case or controversy regarding his claim involving registering as a sex offender. Romero claims that, although he does not have a conviction for a sex offense, Defendant Lander and the other SOTP committee members "want him to register as a sex offender upon parole." Doc. 12, pp. 4-6.

In order to have jurisdiction to adjudicate a dispute, a federal court must have before it an actual case or controversy. *Fischbach v. New Mexico Activities Association*, 38 F.3d 1159 (10th Cir. 1994). Ripeness is a jurisdictional question. *Texas v. United States*, 118 S. Ct. 1257 (1998). A claim is not ripe if it rests on a contingent future action that may not occur as anticipated or may not occur at all. *Id.*; *Rio Grande Silvery Minnow v. Keys*, 333 F.3d 1109, 1120 (10th Cir. 2003). The plaintiff must show that his alleged injury is "both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). A speculative claim does not create a justiciable controversy. *Boling v. Romer*, 101 F.3d 1336, 1341 (10th Cir. 1996).

Romero's claim is purely hypothetical because he is currently incarcerated in the CDOC, is *not* on parole and is *not* being made to register as a sex offender.[3] Therefore, his claim is not ripe for review and the Court does not have jurisdiction to hear it. *Glover River Org. v. United States Dep't of Interior*, 675 F.2d 251, 253 (10th Cir. 1982). Even if this claim were ripe, neither Defendant Lander nor any employee of the CDOC decides whether or not an individual must register as a sex offender. This decision is made pursuant to state statute. *See* § 18-3-412.5, C.R.S. The prison's internal classification does not justify registration. *Id.*

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests that the Complaint be dismissed.

Respectfully submitted this 1st day of April 2010.

    JOHN W. SUTHERS
    Attorney General

    s/ Jennifer S. Huss
    ―――――――――――――――――
    JENNIFER S. HUSS, 36176*
    Assistant Attorney General
    Civil Litigation & Employment Law Section
    Attorneys for Defendant

    1525 Sherman Street, 7th Floor
    Denver, Colorado 80203
    Telephone: 303-866-4472
    Facsimile: 303-866-5443
    *Counsel of Record

---

[3] Romero states he is currently serving a thirty-two year sentence as a habitual criminal, which began in 2009. Doc. 12, p. 4.

**CERTIFICATION OF FAMILIARITY WITH PRACTICE STANDARDS**

Defendants' counsel hereby certifies that she has reviewed the practice standards set forth by the Honorable Judge Robert E. Blackburn governing the formatting and marshalling of motions under Fed.R.Civ.P. 12 or 56, and has made a good faith effort to comply with the same.

**CERTIFICATE OF SERVICE**

This is to certify that I have duly served the within MOTION TO DISMISS upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 1st day of April 2010, addressed as follows:

Anthony Romero, # 82681  
Centennial Correctional Facility  
P.O. Box 600  
Canon City, CO  81215-0600

*Courtesy copies by e-mail to:*  
Keith Nordell, CDOC  
Teresa Reynolds, CDOC  
Dennis Burbank, CCF

s/ Mariah Cruz-Nanio