IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02388-REB-BNB

ANTHONY NATHANIEL ROMERO,

Plaintiff,

v.

JAMES LANDER, M.A., L.P.C., Colorado Department of Corrections Sex Offender Treatment Program Coordinator,

Defendant.

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant, by and through his counsel, the Colorado Attorney General, hereby objects to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 33, filed June 28, 2010). In support thereof, Defendant states as follows:

Defendant opposes Plaintiff's request to amend the Complaint on the grounds that such a request is futile because the claims alleged in the proposed amended complaint do not cure the fact that Plaintiff failed to file this action within the applicable two-year statute of limitations. "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." *E.SPIRE Communications, Inc. v. New Mexico Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004). A motion to amend may be denied if the proposed amendment would not withstand a motion to dismiss or if that complaint fails to state a claim upon which relief may be granted. *Ketcham v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).

The claims raised in the Proposed amended complaint are the same as those raised in the current complaint, for which a motion to dismiss has been filed. The only new claim alleged in the proposed amended complaint is a Fifth Amendment claim, which has been rejected in *Searcy v. Simmons*, 299 F.3d 1220 (10th Cir. 2002) and *Wirsching v. Colorado*, 360 F.3d 1191 (10th Cir. 2004).

The only new Defendant added in the proposed amended complaint is the Colorado Department of Corrections, which is immune from damages. *Griess v. State of Colorado*, 849 F.2d 1042 (10th Cir. 1988).

Moreover, all of Romero's claims are barred by the statute of limitations. Romero's classification is not a justiciable issue *per se*. An inmate has no right to judicial review of classification decisions. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). The U.S. Court of Appeals has carved out a narrow exception for sex offenders. *Chambers v. Colorado Dep't. of Corr.*, 205 F.3d 1237 (10th Cir. 2000), *cert. denied*, 531 U.S. 962 (2000), holds that an inmate cannot be "stigmatized" as a "sex offender" unless he has either been convicted of a sex offense in a criminal action or found to be a "sex offender" in "some" type of prison administrative review process. *Id.* at 1243. Therefore, only the hearing itself is a justiciable issue.

*Chambers* indicates that some type of hearing is required. It does not require multiple hearings, or a new hearing each time an offender is reincarcerated. As noted in Attachments 1-4, a hearing was held in September, 2000. Plaintiff may argue the

hearing was not conducted in accordance with all due process requirements.[1] Defendants would disagree with that claim. However, there should be no dispute the hearing occurred in 2000. Romero acknowledged receipt of the ruling on September 13, 2000. Therefore, his challenge to the results of his S4 classification hearing is barred by the statute of limitations.

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations contained in § 13-80-102, C.R.S. *Blake v. Dickason*, 997 F.2d 749 (10th Cir. 1993). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994). Romero knew of his "injury" when he signed the form on September 13, 2000.

The fact that the results of that hearing continue to affect Romero ten years later is of no consequence. Title VII's continuing violations doctrine does not apply to Section 1983 claims. *Hunt v. Bennett*, 17 F.3d at 1266. In addition, there is no continuing violation. As noted previously, the classification is a *consequence* of the

---

[1] The requirements are set forth in *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004): Notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, a written statement by the factfinder of the evidence relied on and the reasons for the action, an impartial decision maker, and some evidence in support of the findings. A written report setting forth the victim's account constitutes some evidence. *Id.*

hearing. Alleged denials of better placement, opportunity for earned time credits, denial of visitation etc. are also consequences of the hearing. It is the action, not the consequences or continuing ill effects of the action, that triggers the statute of limitations. *See Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984). The action that caused the alleged injuries is the S4 classification hearing of 2000.

For the reasons set forth herein, Defendant respectfully requests that Plaintiff's Motion to Amend be denied.

Respectfully submitted this 8th day of July, 2010.

        JOHN W. SUTHERS
        Attorney General

        s/ Jennifer S. Huss
        JENNIFER S. HUSS, 36176*
        Assistant Attorney General

        PAUL S. SANZO, 10681
        First Assistant Attorney General
        Civil Litigation & Employment Law Section
        Attorneys for Defendant

        1525 Sherman Street, 7th Floor
        Denver, Colorado 80203
        Telephone: 303-866-5452
        Facsimile: 303-866-5443
        *Counsel of Record

## CERTIFICATE OF SERVICE

I certify that on the 8th day of July, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Richard Byron Peddie
lawstudios@comcast.net


*Courtesy copies by e-mail to:*
Keith Nordell, CDOC
Dennis Burbank, CCF
Peggy Heil, CDOC
Richard Lins, CDOC


                                                    s/ Jennifer S. Huss