IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02388-REB-BNB

ANTHONY NATHANIEL ROMERO,

Plaintiff,

v.

JAMES LANDER, M.A., L.P.C., Colorado Department of Corrections Sex Offender Treatment Program Coordinator, and COLORADO DEPARTMENT OF CORRECTIONS,

Defendants.

## MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendants Lander and the Colorado Department of Corrections ("CDOC"), by and through the Colorado Attorney General, move to dismiss the Second Amended Complaint ("the complaint") for failure to state a claim upon which relief can be granted. In support, Defendant states as follows:

## STATEMENT OF FACTS

Plaintiff is serving a 32 year sentence in CDOC custody. Doc. 33-1, p. 10. His complaint brought under 42 U.S.C. § 1983 alleges constitutional violations due to his classification as an "S-4" sex offender.[1] Doc. 12, p. 4.; Doc. 33-1, ¶ 59. He pled guilty to Criminal Trespassing in 1993 upon dismissal of a charge for Sexual Assault on a Child. Plaintiff was accused of fondling the daughter of his ex-girlfriend while he was breaking into her home to steal money and belongings.

---

[1] Under CDOC Administrative Regulation 700-19, inmates rated as S-4 sex offenders include those "who have a history of sexual assaults or deviance of which they may not have been convicted." A copy of Administrative Regulation 700-19 is available at the CDOC's website at www.doc.state.co.us.

1

*Id.* at pp. 3-4.  Plaintiff was classified as an S-4 sex offender during his incarceration in 1995.  Doc. 33-1, p. 6.  Plaintiff was released on parole in 1995.  *Id.*  Parole was revoked and he was returned to prison in 1999.  *Id.* at p. 7, ¶ 46.  In May, 2000 CDOC served Plaintiff with a "Notice of Right to an Administrative Review" informing Plaintiff that his history of sexual behavior might justify a sex offender designation.  *Id.* at ¶¶ 47, 48.  The Notice informed Plaintiff that he was entitled to a hearing upon request and would have the opportunity to call witnesses.  *Id.* at ¶¶ 49, 50.  The Notice also informed Plaintiff that the basis for CDOC's Administrative Review was the Presentence Report indicating the factual basis of his 1993 crime was sexual in nature.  *Id.* at ¶ 50.

Plaintiff requested a hearing.  *Id.* at ¶¶ 52, 53.  On September 13, 2000 an Administrative Hearing was held.  *Id.* at ¶ 54.  Plaintiff had the opportunity to present arguments to rebut evidence in the Presentence Report.  *Id.* at p. 8, ¶ 58.  The Hearing Panel designated Plaintiff as an S-4 sex offender based on the Presentence Report.  *Id.* at ¶¶ 59, 60.  Plaintiff was rejected by the Sex Offender Treatment and Monitoring Program (SOTMP) because he refused to admit to being a sex offender.  *Id.* at p. 9, ¶ 64.  CDOC deducted four days of earned time credit from what Plaintiff would have earned each month because he refused to participate in treatment.  *Id.*  Romero did not file a suit.  *Id.* at ¶ 71.

Plaintiff was released on parole in 2003, but parole was revoked.  *Id.* at ¶¶ 66, 69.  He discharged his sentence in 2005.  *Id.* at ¶ 70.  Plaintiff returned to prison in July, 2006 after being sentenced for second degree assault.  *Id.* at ¶ 72.

2

On May 22, 2009, the SOTMP team at Fremont Correctional Facility reviewed Romero's file and determined he would remain an S-4. Doc. 33-1, p. 10, ¶ 75. As a result, Plaintiff is not allowed to have photographs of or visits with minors, including his children. Doc. 33-1, p. 10, ¶ 79. Plaintiff also claims that CDOC has restricted his ability to send mail or receive mail from his children. *Id.* at ¶ 80. Finally, his refusal to participate in SOTMP is noted in his file and will become part of any materials considered by the parole board. *Id.* at ¶ 81.

The first and second claims argue that his S-4 classification violates procedural and substantive due process. Doc. 33-1 pp. 12-14. The third claim alleges a violation of the right against self-incrimination. Doc. 33-1, p. 15. The fourth claim argues a violation of the Ex Post Facto Clause. *Id.* at p. 16.

## STANDARD OF REVIEW

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

## ARGUMENT

### I. CLAIMS BASED ON THE S-4 HEARING AND THE CONSEQUENCES OF THAT HEARING ARE BARRED BY THE STATUTE OF LIMITATIONS.

3

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations contained in § 13-80-102, C.R.S. *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Principally, "a plaintiff need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations" or even know of all of the evidence relied upon for their cause of action to accrue. *Alexander v. Oklahoma,* 382 F.3d 1206, 1216 (10th Cir. 2004).

A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also City of Enid,* 149 F.3d 1151,1154 (10th Cir. 1998). A plaintiff has notice of his injury when he "knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Id.*

Although an inmate generally has no right to a particular classification, *a narrow exception to this general rule has been carved out for sex offenders.* Under *Chambers v. Colorado Dept. of Corrections*, 205 F.3d 1237, 1242-43 (10th Cir. 2000), *cert. denied*, 531 U.S. 962 (2000), an inmate cannot be labeled a sex offender "without some process" that tests the allegations that a sex offense was committed. The *Chambers* court did not specify the type of procedure required prior to classifying an inmate as a sex offender. However, relying on *Neal v.*

4

*Shimoda*, 131 F.3d 818 (9th Cir. 1997), the *Chambers* court indicated that an agency's administrative hearing is sufficient. *Chambers*, 205 F.3d at 1243.[2]

Plaintiff admits he received an Administrative Hearing for his sex offender classification on September 13, 2000. Doc. 33-1, p. 7, ¶ 54. He acknowledged receipt of the ruling when his signed the "Decision on Sex Offender Designation" on the same date. He was present during the hearing, disputed the evidence, and subsequently the classification by refusing to participate in treatment. *Id.* at p. 9, ¶¶ 63-65. A reasonable person who disagreed with the classification, and understood that some negative consequences would result from it, had notice of that alleged wrongful conduct occurred. Plaintiff knew that he was subject to a reduction in the maximum number of earned time days he could earn each month. *Id.* at p. 8, ¶¶ 61, 65. Therefore, he knew of his "injury" when he signed the Designation Form on September 13, 2000.

It is immaterial to argue that the results of the hearing continue to affect the Plaintiff ten years later. The alleged injury and at least three "stigma plus" consequences occurred in 2000: classification as a sex offender, loss of the opportunity to receive additional earned time credits, and potential adverse

---

[2] The due process requirements for the administrative hearing are set forth in *Gwinn v. Awmiller*, 354 F.3d 1211,1219 (10th Cir. 2004): (1) written notice of the hearing at least 24 hours before the hearing; (2) an opportunity to present relevant evidence and testimony; (3) a written disposition following the hearing setting briefly forth the ruling, the evidence relied on, and the reason(s) for the ruling; and (4) an unbiased hearing officer. *Id.* Additionally, there must be "some evidence" to support the hearing panel's decision. *Id.; see also Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (A prison hearing panel's findings must be upheld if there is "some evidence" to support its decision).

5

effects on the possibility of parole.[3]  Title VII's continuing violation doctrine does not apply to Section 1983 claims.  *Hunt v. Bennett*, 17 F.3d at 1266.  The continuing violation doctrine "is simply not applicable" to other civil rights actions brought pursuant to Title 42.  *Thomas v. Denny's, Inc.,* 111 F.3d 1506, 1514 (10th Cir.1997).  The classification is a *consequence* of the hearing, which is the *action*.  Alleged denials of opportunity for earned time credits, limitations on visitation rights and mail, *et cetera*, are also consequences of the hearing.  It is the *action* which determines whether a reasonable person would have notice that an alleged wrong occurred.  It is not the consequences or continuing ill effects of the action that triggers the statute of limitations.  *See Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984) (noting that to hold otherwise, "would, in practical effect, mean that the two-year statute would never run.").

No precedent supports the argument that an inmate must be made aware of every possible consequence stemming from a sex offender classification before a claim accrues.  The action that caused the alleged injuries is the Hearing of September 13, 2000, which is the date the statute of limitations ran.

The complaint contains no basis for equitable tolling of the statute of limitations.  Colorado state law determines both the applicable statute of limitations period and any accompanying tolling provisions.  *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).  Equitable tolling is "limited to situations in which

---

[3] It also identifies three other "new" consequences: loss of visitation with children, loss of the ability to possess photographs of children, and "restrictions" on mail. For the purposes of this motion to dismiss only, Defendants accept the Complaint's allegations that these are new consequences that were never imposed before Romero's third incarceration in 2009.

either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman,* 911 P.2d 1094, 1099 (Colo.1996). The Colorado Supreme Court has never found the requisite "extraordinary circumstances" existed to justify tolling a statute of limitations. *Brodeur v. Am. Home Assurance Co.,* 169 P.3d 139, 150 (Colo.2007). The complaint does not allege that Romero was prevented from filing a complaint in a timely manner within the statutory two-year period when he signed his sex offender designation form in 2000. *See Fratus*, 49 F.3d at 675 (holding that a "civil rights action accrues when 'facts that would support a cause of action are or should be apparent'" (internal citation omitted)).[4] Instead, it merely alleges that he chose not to appeal at that time.

Plaintiff filed his original complaint on December 21, 2009. He was required to file a complaint regarding his S-4 classification no later than September 13, 2002. Plaintiff's complaint is over seven years too late to challenge the S-4 hearing or the "stigma plus" consequences of that hearing.

**II. PLAINTIFF'S FIRST AND SECOND CAUSE OF ACTION FAIL TO STATE A DUE PROCESS CLAIM WITH REGARD TO THE REVIEW IN 2009.**

### A.   Due Process Claim Elements.

---

[4] Any implied argument for tolling contains similar facts to *Joseph Warr v. Aristedes Zavaras et al.*, No. 09-cv-02477-PAB-KLM at 9-13 (D. Colo. July 14, 2010) (unpublished decision by Judge Kristen L. Mix attached hereto). The Court reasoned that the classification hearing date "is the most logical accrual date because it is close in time to when the hearing occurred and when the classification was levied, albeit allegedly without Plaintiff's participation." The cases cited at pages 9-11 of the Recommendation are especially pertinent.

7

To state a due process claim, a plaintiff must allege: (1) deprivation of a liberty or property interest protected by the Due Process Clause, and (2) the procedures utilized were inadequate under the circumstances. *Veile v. Martinson*, 258 F.3d 1180, 1184-85 (10th Cir. 2001).

### B. Plaintiff fails to identify any due process violation.

#### 1. Classification.

The complaint alleges Romero was re-classified S-4 upon his return to prison after a hearing on May 22, 2009.[5]  Doc. 12, p. 4.  Plaintiff asserts the SOTMP board members did not allow him to do an "evaluation." *Id.* at p. 5.  This assertion is vague and therefore insufficient to state a claim on which relief can be based.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Further, an "evaluation" is not a procedural protection mandated by *Chambers* or *Gwinn*. Romero was not entitled to any additional process after the hearing in 2002.

The *Gwinn* procedures were only required for the hearing on September 13, 2000.  There is no precedent requiring a new S-4 hearing upon re-incarceration.  To the contrary, reconsideration is not required.  *See Murphy v. CDOC et al.,* 2010 WL 2222779 at 3 (10th Cir. (Colo.) June 4, 2010) (unpublished decision attached hereto).  "Neither *Chambers* nor *Gwinn* nor any other case from this Circuit hold an inmate who is classified as a sex offender

---

[5] The CDOC denies that there was a "hearing", claiming it merely conducted a standard review of his file upon his reincarceration.  The dispute is not material. Even if the second "administrative hearing" or "file review" were found to violate the due process requirements set forth in Gwinn, nothing in *Chambers*, *Gwinn*, or any other decision holds that a sex offender is entitled to a second hearing upon returning to prison.  Therefore, the CDOC can continue to rely on the S-4 hearing of 2000 regardless of what happens to the "proceeding" of 2009.

8

following a hearing that comports with the requirements of due process is entitled to reconsideration of his classification at some later date." *Id.*

### 2. Earned Time Credits.

There is no federally-created entitlement to earned time credit. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Under state law, the matter is left to the discretion of the Department of Corrections. *Meyers v. Price*, 842 P.2d 229, 231 (Colo. 1992). A prisoner has no right to receive earned time credit and the CDOC has no duty to grant it. *Verrier v. Colo. Dep't of Corr.*, 77 P.3d 875, 878 (Colo. App. 2003).

### 3. Parole.

Romero complains that CDOC makes "notations" which "will become part of any materials considered by any parole board. *Id.* at p. 10, ¶ 81. There is no right to parole under federal or state law. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979); *Thiret v. Kautzky*, 792 P.2d 801 (Colo. 1990). The alleged effect that a file entry may have on parole consideration is speculative and is not subject to judicial review in federal court. *See Sandin v. Conner*, *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (noting "[t]he decision to release a prisoner rests on a myriad of considerations).

### 4. Visitation with children.

Plaintiff fails to state a claim regarding his inability to visit his minor children because there is no right of access to a particular visitor, including family members. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 461 (1989) (Denial of visitation between inmates and their mothers upheld).

Visitation with a particular person is not a basic necessity. *Id.* Prison officials have broad discretion in establishing and enforcing rules placing restrictions or conditions placed on visitation. *Peterson v. Shanks*, 149 F.3d 1140 (10th Cir. 1998) (Denial of family visitation did not state a claim under § 1983 because inmates have no right to unfettered visitation and the inmate did not allege that the prison officials abused their broad discretion in controlling visitor access). *See also Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004) (Upholds denial of sex offender's visitation with minors).

### 5. Photographs of children.

An inmate has no constitutional right to possess personal property in prison. *Searcy v. Simmons,* 299 F.3d 1220, 1229 (10th Cir. 2002). Prison officials retain broad discretion to devise regulations concerning the amount and type of personal property that an inmate may possess in prison. *Abbott v. McCotter*, 13 F.3d 1439, 1443 (10th Cir. 1994). The same analysis found in *Sandin v. Conner*, 515 U.S. at 486, concerning existence of a liberty interest, must be applied in answering the question of whether an inmate possesses a property interest. *Cosco v. Uphoff*, 195 F.3d 1221, 1223-24 (10th Cir. 1999). "The Supreme Court mandate since *Sandin* is that henceforth we are to review property and liberty interest claims arising from prison conditions by asking whether the prison condition complained of presents 'the type of atypical, significant deprivation in which a State might conceivably create a liberty [or property] interest.'" *Id.* at 1224. Not allowing a classified sex offender to possess

10

pictures of minors is not an "atypical or significant" incident of prison life that warrants due process protections.

### 6. Restrictions on mail.

Although the court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff", the court must determine whether the factual allegations are sufficient to "'raise a right to relief above the speculative level.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007). Neither conclusory nor implausible allegations are sufficient to satisfy Rule 8. *Ashcroft v. Iqbal*, 129 U.S. at 1940. The court is not required to accept as true legal opinions that are couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). Failure to provide specific factual allegations renders the complaint vague and conclusory. *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). Vague or conclusory allegations are insufficient to state a claim for relief. *Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993). The complaint merely alleges that the CDOC has imposed "restrictions" on Romero's use of the mail. Romero does not indicate what those restrictions are.[6] The complaint does not allege a complete ban on mail.

### 7. Sex offender registration.

---

[6] Some restrictions are permissible. *See, e.g.*, *Thornburgh v. Abbott*, 490 U.S. 401 (1989) (In general, mail addressed to or from inmates may be opened and read); *United States v. Gordon*, 168 F.3d 1222, 1228 (10th Cir. 1999) (Incoming and outgoing non-privileged mail is not the subject of any legitimate expectation of privacy, and regulation of same is an administrative matter in which the courts will not intervene); *Jacklovich v. Simmons*, 392 F.3d 420, 426 (10th Cir. 2004) (Inmates have a right to receive information if not inconsistent with their status as prisoners or with legitimate penological objectives).

Plaintiff claims that although he does not have a conviction for a sex offense, Defendant Lander and the other SOTMP committee members "want him to register as a sex offender upon parole." Doc. 12, pp. 4-6; Doc. 33-1 pp. 12-13. In order to have jurisdiction to adjudicate a dispute, a federal court must have before it an actual case or controversy. *Fischbach v. New Mexico Activities Assoc.*, 38 F.3d 1159 (10th Cir. 1994). Ripeness is a jurisdictional question. *Texas v. United States*, 118 S. Ct. 1257 (1998). A claim is not ripe if it rests on a contingent future action that may not occur as anticipated or may not occur at all. *Id.*; *Rio Grande Silvery Minnow v. Keys*, 333 F.3d 1109, 1120 (10th Cir. 2003). The plaintiff must show that his alleged injury is "both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). A speculative claim does not create a justiciable controversy. *Boling v. Romer*, 101 F.3d 1336, 1341 (10th Cir. 1996).

Plaintiff's claim is hypothetical. He is not on parole and is not being made to register as a sex offender.[7] CDOC employees do not decide whether or not a former prisoner must register as a sex offender. This decision is controlled by § 16-22-103 (2), C.R.S., which only permits the prison's S-4 classification to be used for classification and treatment. If a CDOC employee erroneously attempts to require Romero to register as a sex offender based solely on the classification upon parole in the future, he can bring a legal action to challenge that "requirement" at that time. Until then, the claim is not ripe for review and the

---

[7] Plaintiff will not even be eligible for parole consideration until November, 2021.

Court does not have jurisdiction to hear it.  *Glover River Org. v. United States Dep't of Interior*, 675 F.2d 251, 253 (10th Cir. 1982).

### III. THE THIRD CLAIM FAILS TO ALLEGE SUFFICIENT COMPULSION.

Plaintiff's third claim for relief alleges that his Fifth Amendment right against self-incrimination is violated by subjecting him "to an unconstitutional degree of compulsion" by requiring him to admit to his sex offense as part of the SOTMP treatment process. Doc. 33-1 p. 16.  *Wirsching v. Colorado*, 360 F.3d 1191, 1202-04 (10th Cir. 2004), disposes of this claim (Denial of visitation with one's children, denial of earned time credits and removal of personal property from cell).  *See also Gwinn v. Awmiller,* 354 F.3d at 1225-26 (Denial of eligibility for earned time credits does not constitute "compulsion").

### IV.  THE CONDUCT DOES NOT VIOLATE THE EX POST FACTO CLAUSE.

The Ex Post Facto Clause "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'" *California Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995) (citations omitted).  Requiring Plaintiff to participate in the SOTMP in exchange for privileges does none of the above.  *See Chambers*, 205 F.3d at 1241-42; *Neal v. Shimoda*, 131 F.3d at 825-27; *Gwinn v. Awmiller,* 354 F.3d at 1227-28.

### V.  IN THE ALTERNATIVE, CLAIMS FOR DAMAGES MUST BE DISMISSED.

The complaint includes a claim for damages against the CDOC and against Lander in his official and individual capacity.  Doc. 33-1, p. 1.  The Eleventh Amendment protects states and their agencies from suit for damages or for retroactive injunctive relief.  "[T]he Eleventh Amendment bars a suit brought in

13

federal court by the citizens of a state against the state or its agencies, and applies 'whether the relief sought is legal or equitable.'" *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) (citations omitted). Sovereign immunity extends to the CDOC, *Griess v. State of Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988), and applies to § 1983 suits. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The Eleventh Amendment "constitutes a bar to the exercise of federal subject matter jurisdiction," *Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 559 (10th Cir.2000).

Lander is the Fremont Correctional Facility SOTMP coordinator. "Suits against state officials in their official capacity… should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); s*ee also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). "A defendant cannot be liable under § 1983 unless personally involved in the deprivation." *Olsen v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). Lander was not involved in the S-4 classification in 2000. The complaint appears to assert that liability as a result of a SOTMP file review in 2009. *Id*. at p. 9. It contains no allegations that Lander was a part of that process. Aside from a letter explaining CDOC regulations and notifying Plaintiff how he could appeal the restrictions, there is nothing to implicate Lander. Correspondence with the Plaintiff alone is insufficient to establish that Lander personally participated in any alleged constitutional violation. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009). The Complaint does not contain the required "affirmative link"

between alleged wrongs and Lander.  *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001).

In the alternative, Lander is entitled to qualified immunity.  A state official is immune from liability for damages unless the plaintiff proves that the defendant "<u>knew or reasonably should have known</u> that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff], <u>or</u> if he took the action <u>with the malicious intention</u> to cause a deprivation of constitutional rights or other injury . . ."  *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (emphasis supplied by the court).  When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff to establish that the named defendant violated a constitutional right.  *Reynolds v. Powell,* 370 F.3d 1028, 1030 (10th Cir. 2004).  The plaintiff must also identify a clearly established existing law which was sufficiently clear to give a defendant "fair notice that her conduct was unlawful."  *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Plaintiff fail to demonstrate a violation of any clearly established law by Lander.

        JOHN W. SUTHERS
        Attorney General

        s/ Paul S. Sanzo
        PAUL S. SANZO, 10681*
        First Assistant Attorney General
        JENNIFER S. HUSS, 36176*
        Assistant Attorney General
        Attorneys for Defendants
        1525 Sherman Street, 7th Floor
        Denver, Colorado 80203
        Telephone: 303-866-5452
        Facsimile: 303-866-5443
        *Counsel of Record

**CERTIFICATE OF SERVICE**

I certify that on the 22nd day of July, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Richard Byron Peddie
lawstudios@comcast.net

*Courtesy copies by e-mail to:*
Keith Nordell, CDOC
Dennis Burbank, CCF
Peggy Heil, CDOC
Richard Lins, CDOC

                                               s/ Paul S. Sanzo