## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-02388-REB-BNB

ANTHONY NATHANIEL ROMERO,

Plaintiff,

v.

JAMES LANDER, M.A., L.P.C., Colorado Dept. of Corrections
Sex Offender Treatment Program Coordinator, individually and in
his official capacity, and Colorado Department of Corrections,

Defendant.

_____

## SCHEDULING ORDER
_____

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

A scheduling conference is set for July 27, 2010, at 9:30 a.m., in Courtroom A-401.

Plaintiff Anthony N. Romero is represented by Richard Byron Peddie, of Richard Byron Peddie, P.C., 1601 Flemming Drive, Longmont, Colorado 80501; Tel.: 303.444.5447; Cell: 720.635.9222.

Defendants James Lander and Colorado Department of Corrections are represented by Paul Sanzo, First Assistant Attorney General, and Jennifer Huss, Assistant Attorney General, State of Colorado, Civil Litigation & Employment Law

Scheduling Order
Page 1 of

Section, 1525 Sherman Street – Seventh Floor, Denver, Colorado 80203.  Tel.: 303-866-5007.

## 2. STATEMENT OF JURISDICTION

Plaintiff alleges violations of his Fifth and Fourteenth Amendment rights, as well as violation of the *Ex Post Facto* Clause of the United States Constitution.  Jurisdiction is invoked under 42 U.S.C. §§ 1983 & 1985.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff(s):

*The Background:*

Defendants classify Plaintiff as a sex offender in category "S-4".

Category S-4 is for inmates who have never been convicted of any sex offense, but are nonetheless deemed sex offenders by the Colorado Department of Corrections ("CDOC") because of something found in a particular inmate's history.

By law, no inmate may be classified as a sex offender in Category S-4 unless and until he has been provided an administrative hearing and afforded an opportunity to refute the basis for the classification.  By law, the CDOC may not classify an inmate as a Category S-4 sex offender unless there is at least some evidence that he has committed a sex offense.  Among the important issues in this case are the minimal requirements for the administrative hearing as well as what is meant by "some evidence" of a sex offense.

In this case, CDOC first classified Plaintiff as a sex offender in or around 1995 during his first incarceration, but afforded him no opportunity to rebut the classification.

Scheduling Order
Page 2 of

CDOC later again classified Plaintiff as a sex offender in 2000 during a second incarceration.  This time, however, CDOC granted some form of hearing.  The parties are in dispute as to whether or not Plaintiff was granted a full opportunity to be heard, to present evidence and witnesses, and to cross-examine CDOC's witnesses.

In May of 2009, during Plaintiff's third incarceration, CDOC either again classified Plaintiff as a sex offender, or otherwise took action to reapply its 2000 classification of Plaintiff as such.[1]

*The Claims and Defenses:*

Fourteenth Amendment Procedural Due Process:  Plaintiff asserts that his right to procedural due process has been violated because he was not granted adequate notice or opportunity to be heard when CDOC classified him as a sex offender at any point.  In so doing, Plaintiff argues that, in the current incarceration, CDOC may not simply reapply a classification from an earlier incarceration.  In the alternative, Plaintiff argues that CDOC certainly may not do so where the earlier classification stems from a defective procedure.

Defendants argue that the earlier classification is still valid, and thus Plaintiff has received all of the process to which he is due.  Defendants also argue that even if the classification was wrongful, the time to contest it was within the applicable period of limitations – *i.e.*, within two years of the September, 2000 classification.  While

---

[1]  The characterization of the May 22, 2009 action is an area of dispute: Plaintiff contends that CDOC recharacterized him as an S-4 sex offender on that date without affording him the required due process; CDOC contends that it merely continued to apply the 2000 classification and that it is entitled to do so and is not required to grant any form of process in a subsequent incarceration.

Scheduling Order
Page 3 of

Defendants deny that there is anything actionable at this time, they also argue that, whatever is actionable, may not reach back more than two years from the date suit was filed because of the statute of limitations.

Fourteenth Amendment Substantive Due Process: Plaintiff argues that his constitutional rights are violated because, in classifying him as a sex offender, CDOC has relied upon evidence of a nature so far removed from any recognized criteria for reliability that it is abusive and shocking to the conscience.  Plaintiff also argues that the fact that Defendants have created for themselves a forum in which they circumvent the courts to "convict" people of serious crimes, and then force consequences upon them that are largely indistinguishable from regular sentences, is abusive and shocking to the conscience.  Thus, Plaintiff argues that his substantive due process rights are violated.

Defendants again disagree.  Defendants argue that they may rely upon police reports and/or presentence investigation reports, without more, as evidence. Defendants argue that they have broad latitude in selecting candidates for treatment programs within the prison environment.  Defendants further argue that this Court *qua* operates as a court of review, and thus may not supplant the fact-finding conducted by prison officials and may not otherwise pass on matters of credibility or weight of evidence.  Defendants otherwise again argue that any claim is time-barred by the applicable statute of limitations.

Fifth Amendment Right Against Self-Incrimination: Plaintiff argues that his fifth amendment rights are violated when he is subjected to compulsion to admit to criminal conduct that he denies and of which he has never been convicted.  Plaintiff argues that such compulsion may be found in the stigmatization of him as a "sex offender" plus the

following actions taken against him, whether taken singly or in the aggregate: Capping of earned time credits; confiscation of photographs of his children; prevention of visitation with his children; prevention of correspondence with his children; insertion of false, negative information into his file that will affect whether he will receive fair consideration when eligible for parole; exposure to additional compulsion to undergo unwanted and unneeded treatment while on any parole; exposure to compulsion to register as a sex offender while on any period of parole; and exposure to additional risks of further proceedings, based upon any compulsory admission, in which he will in fact be labeled as a sex offender for all purposes.

Defendants deny that whatever inducements they provide to cause Plaintiff to accept treatment while in prison amount to legally cognizable compulsion for Fifth Amendment purposes.  Defendants claim broad rights in offering remedial treatments to inmates, and broad powers in controlling the conditions of confinement, including matters such as inmate property and visitation.  Defendants otherwise again argue that any claim is time-barred by the applicable statute of limitations.

*Ex Post Facto* Clause: Plaintiff argues that CDOC is applying statutes and regulations all promulgated after the date of the alleged sex offense in 1993, or otherwise interpreting the same, in a way that impermissibly "stiffens" his punishment.

Defendants argue that the statute and regulations, together with any interpretation given them, in no way criminalizes conduct that was legal at the time of the alleged sex offense.  Defendants otherwise again raise all defenses related to the timeliness of this claim.

Scheduling Order
Page 5 of

Additional Defenses: Defendant CDOC claims in each case that it may not be made a defendant except to the extent the claims request injunctive relief.  Defendant CDOC's basis for this defense is that it is entitled to 11th Amendment immunity and that it is not a "person" as that term is understood under 42 U.S.C. § 1983.  Defendant Lander in each case claims qualified immunity, asserting protection from damages and discovery.  In so doing, Defendant Lander argues that if he is found liable, he has not, in any case, acted willfully, given the unsettled nature of the primary issues in this case. Defendants further assert that the Due Process claims are barred by Sandin v. Conner. Defendants further assert all of the defenses raised in their motion to dismiss the second amended complaint.

b. Defendant(s):

   *- not applicable - defendants bring no counterclaims -*

c. Other Parties:

   *- not applicable -*

## 4. UNDISPUTED FACTS

The following facts are undisputed:

A.  Plaintiff broke into his ex-girlfriend's tri-level home in 1993 to retrieve items belonging to him;

B.  Plaintiff also stole some cash from some trousers while in that dwelling on that occasion;

C.  Plaintiff was charged with criminal trespass, burglary, and sexual assault upon a minor during that incident;

Scheduling Order
Page 6 of

D.  Plaintiff pled guilty to, and was sentenced for, criminal trespass after that incident, and because of that incident;

E. At some point during this first incarceration, CDOC classified Plaintiff as an S-4 sex offender;

F.  Plaintiff discharged his sentence and was released;

G.  In 1999 Plaintiff was convicted of attempting to evade law enforcement officers and incarcerated for a second time;

H.  CDOC notified Plaintiff of its intent to classify Plaintiff as a sex offender, and then held a hearing.  After the hearing, CDOC classified Plaintiff as an S-4 sex offender. This occurred in September of 2000;

I.  Plaintiff brought no suit to challenge the September 2000 classification;

J.  Plaintiff discharged his sentence and was released;

K.  In 2008 Plaintiff was convicted of second degree assault and sentenced to 32 years;

L.  As a result, Plaintiff commenced his third incarceration;

M.  On May 22, 2009, Defendants notified Plaintiff that they had reviewed his file and would again treat him as a sex offender;

N.  Plaintiff denies that he is a sex offender and denies ever having committed any sex offense.

## 5. COMPUTATION OF DAMAGES

Plaintiff currently brings no claim for damages.  Plaintiffs monetary claims at this time are limited to all costs of litigation plus attorneys' fees.

Scheduling Order
Page 7 of

Costs include the filing fee plus any and all costs that the Court must award, should Plaintiff prevail, as well as any and all costs that the Court may award on a discretionary basis.  The full extent of these costs cannot be estimated at this time with any real accuracy.

Attorneys' fees in this matter will be requested and will be calculated based upon Plaintiff's counsel's standard rate of $300.00 per hour, or such other, lesser rate imposed by law.  Defendants assert that attorneys fees awards are governed by the Prison Litigation Reform Act.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. The FRCP Rule 26(f) meeting occurred on July 20, 2010.

b.  Richard Byron Peddie, represented Plaintiff Anthony N. Romero.  Paul Sanzo represented Defendants Colorado Department of Corrections and James Lander

c. The parties have not exchanged Rule 26(a)(1) disclosures yet.  The Court accepted Plaintiff's Second Amended Complaint on July 13, 2010.  Defendants still have time to answer or otherwise respond to the SAC.  A motion to dismiss will be filed.  Disclosures will be made **by August 16, 2010.** ~~in compliance with FRCP Rule 26(a)(1)(C).~~

~~d. The parties do not have any proposed changes in the timing or other FRCP Rule 26(a)(1) disclosures~~.

e. The parties have agreed that many of these issues will be subject to resolution via motion to dismiss and/or motion for summary judgment.  To that end, counsel have agreed to continue to seek to resolve as much as possible via stipulations of facts.  At this juncture, however, the parties are unable to stipulate to certain facts, despite high

Scheduling Order
Page 8 of

likelihood that they will be able to do so, because certain documentary materials have not yet been located, and these materials contain certain essential details.

f.  At this time, no further agreements or procedures are deemed necessary.  The case is not deemed to be complex.

g. The parties do not anticipate that their claims or defenses will involve extensive electronically stored information.  Nor do they anticipate that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

h. The parties have discussed settlement.  These discussions have helped to identify and narrow issues, but have not led to settlement.  The discussions have largely centered upon two separate, but related issues: (i) whether or not an administrative classification created in a previous incarceration may be applied to an inmate in a subsequent incarceration without offering the opportunity to contest that classification; and (ii) whether or not the statute of limitations will bar Plaintiff from the requested relief. As these two issues come into focus, it is believed that the chances of settlement will increase.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.  **Each side may take no more than ten depositions, plus the depositions of any specially retained experts designated pursuant to this scheduling order.  Each side may serve no more than 25 interrogatories, including discrete subparts.**  ~~At this time, no party proposes any modifications to the presumptive numbers of depositions or interrogatories contained in the Federal Rules~~.

Scheduling Order
Page 9 of

b. **No deposition may exceed seven hours, absent leave of court.** ~~At this time, no party proposes any limitations to the length of depositions~~.

c. **Each side may serve no more than 25 requests for production and 25 requests for admissions.** ~~At this time, no party proposes any limitations on the number of requests for production and/or requests for admission~~.

d. At this time, no party has any other planning issues or proposes any discovery orders.

**9. CASE PLAN AND SCHEDULE**

a. Deadline for Joinder of Parties and Amendment of Pleadings:  **Elapsed** ~~The deadline for joinder of parties shall be 60 days after discovery commences.  The deadline for amending pleadings shall be 120 days after discovery commences~~.

b. Discovery Cut-off:  **January 27, 2011** ~~All general discovery (*i.e.*, non-expert discovery) shall be completed on or before 90 days before trial~~.

c. Dispositive Motion Deadline:  **February 28, 2011** ~~Dispositive motions shall be filed no later than 60 days before trial~~.

d. Expert Witness Disclosure

1. Plaintiff anticipates use of experts to establish the harmful effects of forcing a person to undergo unwanted and unneeded treatment of a psychological nature.  Plaintiff may also present an expert to shed light upon the negative ramifications within the prison system of the designation of any inmate as a sex offender.

2.  **Each side may designate no more than two specially retained experts.** ~~The parties propose no limitations upon the use or number of expert witnesses~~.

Scheduling Order
Page 10 of

3. The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **November 1, 2010** ~~90 days before trial.~~

4. The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **December 1, 2010** ~~60 days before trial.~~

Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(i)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.

e. Identification of Persons to Be Deposed: Anthony Romero (one 7 hour day) and James Lander (one 7 hour day).  Others as they are identified after the case is at issue.

f. Deadline for Interrogatories:  **All written discovery must be served so that responses are due on or before the discovery cut-off** ~~60 days before trial~~.

g. Deadline for Requests for Production of Documents and/or Admissions:  **All written discovery must be served so that responses are due on or before the discovery cut-off** ~~60 days before trial.~~

Scheduling Order
Page 11 of

**10. DATES FOR FURTHER CONFERENCES**

a. A settlement conference will be set **at the request of the parties**.   It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

> ( ) *Pro se* parties and attorneys only need be present.

> (X) Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

> (X) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before ** outlining the facts and issues, as well as the strengths and weaknesses of their case.  **Each Confidential Settlement Statement must contain a specific offer of compromise, including a dollar amount the client will accept or pay in settlement and any other essential terms of a settlement.**

b. Status conferences will be held in this case at the following dates and times: _____

c. A final pretrial conference will be held in this case on **March 18, 2011, at 8:30 a.m.**  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than **March 11, 2011.** ~~five (5) days before the final pretrial conference.~~  **The parties shall comply with the requirements of REB Civ. Practice Standards in connection with the preparation of the proposed Final Pretrial Order, and in particular with Parts III.D and IV.A.2 of those Practice Standards.**

Scheduling Order
Page 12 of

**11. OTHER SCHEDULING MATTERS**

a.  The parties have not identified any discovery or scheduling issues upon which they have been unable to reach an agreement thus far.

b. The parties anticipate a two day trial to the court.

c. The parties know of no reason why any proceedings should be held at the District Court's facility at 212 N. Wasatch Street, Colorado Springs, Colorado.

**12. NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Scheduling Order
Page 13 of

**13. AMENDMENTS TO SCHEDULING ORDER**

       This Scheduling Order may be altered or amended only upon a showing of good cause.

       DATED July 27, 2010, at Denver, Colorado.

                                        BY THE COURT:


                                         s/ Boyd N. Boland

                                        United States Magistrate Judge


APPROVED:


Scheduling Order
Page 14 of

| RICHARD BYRON PEDDIE, P.C. | JOHN W. SUTHERS, Attorney General, State of Colorado |
|---|---|
| By:Richard Byron Peddie<br>1601 Flemming Drive<br>Longmont, Colorado 80501<br>Tel.: 303.444.5447<br>- | By: Paul Sanzo<br>First Assistant Attorney General<br>Civil Litigation & Employment Law<br>1525 Sherman Street – Seventh Floor<br>Denver, Colorado 80203 |

Scheduling Order
Page 15 of