IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02388-REB-BNB

ANTHONY NATHANIEL ROMERO,

Plaintiff,

v.

JAMES LANDER, M.A., L.P.C., Colorado Department of Corrections Sex Offender Treatment Program Coordinator, and COLORADO DEPARTMENT OF CORRECTIONS,

Defendants.

**DEFENDANTS REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT (DOC. 54)**

Defendants Lander and the Colorado Department of Corrections (CDOC), by and through the Colorado Attorney General, submit the following Reply to Plaintiff's Opposition to Motion to Dismiss Second Amended Complaint (Doc. 54, filed August 12, 2010).

## ARGUMENT

**I.  CLAIMS BASED ON THE S-4 HEARING AND THE CONSEQUENCES OF THAT HEARING ARE BARRED BY THE STATUTE OF LIMITATIONS.**

**A.  The date of accrual began on September 13, 2000.**

It is undisputed that Plaintiff received an administrative hearing for his sex offender classification on September 13, 2000.  Doc. 33-1, p. 7, ¶ 54.  However, Plaintiff asserts the classification at issue in this lawsuit did not occur as a result of the 2000 hearing, but rather when Plaintiff was re-incarcerated in 2009.  Doc. 54, p. 3, ¶¶ 2-3.  He asserts the accrual date for the two-year statute of

1

limitations period occurred on May 22, 2009 when it was determined that Plaintiff would remain an S-4 sex offender.  *Id.*  Even if the 2000 hearing established the date of accrual, Plaintiff claims he did not have knowledge of the nature and extent of his injury, that the S-4 stigma would follow him "during any and all future incarcerations," until his 2009 incarceration  *Id.* at p. 5, ¶¶ 2-3.

A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.  *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994).  A plaintiff has notice of his injury when he "knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm."  *Id.*  Plaintiff knew of his injury on September 13, 2000, when he signed the Designation Form that effectuated his S-4 classification.  It was this action that caused his alleged injuries, since the basis of his current classification and the alleged injuries that stem therefrom was the 2000 hearing and S-4 classification.

In the alternative, even accepting Plaintiff's argument, Plaintiff should have known that the nature and extent of this injury would be classification as a sex offender if he were to reenter CDOC at a later date.  Plaintiff admits in his Second Amended Complaint that he was incarcerated on *three* separate occasions beginning in 1995.  Doc. 33-1, pp. 6-9.  During each incarceration, Plaintiff was classified as a sex offender based on the 1993 criminal case.  *Id.*  Taking his history into account, Plaintiff cannot now claim ignorance of the fact that he may eventually return to prison, nor that such would result in his being classified as a sex offender for yet a *third* time.

### B. Plaintiff is not entitled to a new *Chambers* hearing.

Plaintiff also argues he should have received a new administrative hearing upon his re-incarceration in 2009, and the prior 2000 hearing was insufficient to afford him adequate due process protections. Doc. 54, p. 7. In *Chambers v. Colorado Dept. of Corrections*, 205 F.3d 1237, 1242-43 (10th Cir. 2000), *cert. denied*, 531 U.S. 962 (2000), the Court held that an inmate cannot be labeled a sex offender "without some process" that tests the allegations that a sex offense was committed. Nothing in the *Chambers* decision would require prison officials to hold multiple hearings. *See also Murphy v. CDOC et al.,* 2010 WL 2222779 *3 (10th Cir. (Colo.) June 4, 2010). Plaintiff received the "some process" to which he was due in 2000. He is not entitled to another hearing, especially since the basis of his current sex offender classification is the same 1993 criminal case.

Plaintiff claims the *Murphy* case is distinguishable because it raised the question of administrative reconsideration during the *same* incarceration. The *Murphy* Court expressed that "[n]either *Chambers* nor *Gwinn* nor any other case from this Circuit holds an inmate who is classified as a sex offender following a hearing that comports with the requirements of due process is entitled to reconsideration of his classification *at some later date.*" *Id.* Defendants' cited *Murphy* because it is the closest case on point in this circuit that addresses the issue of whether an inmate may seek reconsideration of a prior classification.[1]

---

[1] While it does not address multiple incarcerations, *Chambers* is on point because it specifically addressed the issue of whether an inmate not convicted of a sexual offense could be stigmatized as a sex offender without some form of procedural due process. *Chambers,* 205 F.3d at 1242-43. Plaintiff received this

3

As in *Murphy,* Plaintiff is asking for reconsideration of his sex offender classification at some later date, albeit during a subsequent incarceration. Plaintiff is barred from doing so because he already received all the process he was due during a *Chambers* hearing in 2000. Using Plaintiff's logic, every CDOC inmate classified as a sex offender pursuant to an administrative hearing must receive a new hearing *on the same set of facts* each time they reenter CDOC. Such a requirement would create an undue and unnecessary burden on the CDOC, while failing to afford inmates any additional due process protections.

## II.  PLAINTIFF'S FIRST AND SECOND CAUSE OF ACTION FAIL TO STATE A DUE PROCESS CLAIM WITH REGARD TO THE REVIEW IN 2009.

Rather than address the adequacy of the procedures utilized during the 2000 hearing, Plaintiff asserts that he should have received a new hearing in 2009. Doc. 54, p. 7. However, the *Gwinn* procedures were only required for the hearing on September 13, 2000. Again, there is no precedent requiring a new S-4 hearing upon re-incarceration and the *Murphy* opinion states that an inmate who is classified as a sex offender following a hearing that comports with the requirements of due process is not entitled to later reconsideration of his classification. *Murphy*, 2010 WL 2222779 at *3. Accordingly, even if the 2000 hearing were not barred by the statute of limitations, Plaintiff failed to allege that this hearing was procedurally inadequate.

Plaintiff asserts the "stigma plus" consequences of Plaintiff's S-4 classification implicated a due process right that should have afforded Plaintiff a

---

process in September 2000 and nothing in *Chambers* would suggest that he was entitled to more.

new hearing in 2009. Doc. 54, pp. 9-12. To demonstrate "stigma plus," Plaintiff must show that (1) the government made a statement about him that is sufficiently derogatory to injure his reputation, that is capable of being proved false, and that he asserts is false, and (2) he experienced some governmentally imposed burden that significantly altered his status as a matter of law. *Gwinn v. Awmiller*, 354 F.3d 1211, 1216 (10th Cir. 2004).

In *Gwinn* and *Chambers,* the governmentally imposed burden set forth in element two was either the loss of earned time credits or the mandatory registration as a sex offender upon release from prison. *See Gwinn,* 354 F.3d at 1223-24; *Chambers,* 205 F.3d 1242-43. By his own admission, these consequences were present during Plaintiff's prior incarceration in 2000. *See* Doc. 33-1, p. 9. The fact that Plaintiff may now face additional consequences that were not present during his previous incarceration does not entitle him to a new hearing. These new consequences, which include visitation, property and mail restrictions,[2] are not "governmentally imposed burdens that significantly alter Plaintiff's status as a matter of law." Thus, Plaintiff has not sufficiently alleged that he suffered any "stigma plus" consequences that would have afforded him the right to a new hearing in 2009.

### III. THE THIRD CLAIM FAILS TO ALLEGE SUFFICIENT COMPULSION.

Plaintiff asserts the consequences of his sex offender classification are forms of compulsion that should be considered by this Court and that *Wirsching*

---

[2] Defendants are assuming this fact to be true for the sole purposes of this motion, since such restrictions for inmates classified as sex offenders were in place during Plaintiff's prior incarceration and well before that date.

*v. Colorado*, 360 F.3d 1191 (10th Cir. 2004) is distinguishable because he is not a convicted sex offender. Doc. 54, p. 13, ¶ 1. This issue was raised by the Plaintiff in *Gwinn,* who also asserted that his status as a non-convicted sex offender should be considered in his Fifth Amendment claim. *See Gwinn,* 354 F.3d at 1226. The Tenth Circuit found that "the Fifth Amendment compulsion analysis focuses on the *consequences* imposed upon the inmate who refuses to participate in the sexual offender treatment program," rather than his conviction status *Id.* Like the Plaintiff in *Gwinn*, Plaintiff only identified consequences to which the CDOC is under no obligation to afford him, such as earned time and parole.[3] Doc. 54, p. 14. *See Gwinn,* 354 F.3d at 1226 ("...the mere opportunity to earn good time credits is not a new penalty but only the withholding of a benefit that the [Kansas Department of Corrections] is under no obligation to give."). Thus, it is immaterial that Plaintiff is not a convicted sex offender and the consequences he purports to have suffered do not consist of compulsion in violation of the Fifth Amendment.

## IV.  THE CONDUCT DOES NOT VIOLATE THE EX POST FACTO CLAUSE.

It is clearly established that requiring Plaintiff to participate in the SOTMP in exchange for privileges does not "retroactively alter the definition of crimes or increase the punishment for criminal acts." *See California Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995); *Chambers*, 205 F.3d at 1241-42; *Neal v.*

---

[3] Plaintiff also lists registration as a sex offender as a consequence that is a form of compulsion. As discussed in Defendants' Motion to Dismiss, such registration is only speculative and does not constitute a real, immediate threat. Further, Plaintiff is not eligible for parole until 2021.

*Shimoda*, 131 F.3d at 825-27; *Gwinn v. Awmiller,* 354 F.3d at 1227-28.  Plaintiff fails to state a claim for violation of the Ex Post Facto Clause.

### V.  IN THE ALTERNATIVE, CLAIMS FOR DAMAGES MUST BE DISMISSED.

Although the Amended Complaint appeared to state otherwise, Plaintiff now states that he his only seeking attorneys' fees and costs.  Doc. 54, p. 15.  In any event, any claim for damages against the CDOC or Defendant Landers in his official capacity is barred under the Eleventh Amendment.  *See Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 559 (10th Cir. 2000); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

In addition, the Amended Complaint contains no allegations that Defendant Lander personally participated in Plaintiff's 2009 classification.  *Olsen v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).  The Complaint does not contain the required "affirmative link" between alleged wrongs and Lander.  *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001).  Plaintiff fails to address this issue in his response.  Further, even though Plaintiff now claims to have withdrawn any damages claims, Lander would be entitled to qualified immunity because there is no clearly established law that Plaintiff is entitled to a second *Chambers* hearing.  *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).  Plaintiff concedes this fact in his response.  *See* Doc. 54, p. 8, ¶ 1.

### CONCLUSION

For the reasons set forth herein and in Defendants' Motion to Dismiss, Defendants respectfully request that the Second Amended Complaint (Doc. 33-1) be dismissed.

Respectfully submitted this 25th day of August 2010.

JOHN W. SUTHERS
Attorney General

s/ Jennifer S. Huss
JENNIFER S. HUSS, 36176*
Assistant Attorney General

PAUL S. SANZO, 10681*
First Assistant Attorney General
Attorneys for Defendants
1525 Sherman Street, 7th Floor
Denver, Colorado 80203
Telephone: 303-866-5452
Facsimile: 303-866-5443
*Counsel of Record

## CERTIFICATION OF FAMILIARITY WITH PRACTICE STANDARDS

Defendants' counsel hereby certifies that she reviewed the practice standards set forth by the Honorable Judge Robert E. Blackburn governing the formatting and marshalling of motions under Fed. R. Civ. P. 12 or 56, and has made a good faith effort to comply with the same.

## CERTIFICATE OF SERVICE

I certify that on the 25th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| Richard Byron Peddie | *Courtesy copies by e-mail to:* |
|---|---|
| lawstudios@comcast.net | Keith Nordell, CDOC |
| | Dennis Burbank, CCF |
| | Peggy Heil, CDOC |
| | Richard Lins, CDOC |

s/ Kristin Ruiz