IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02388-REB-BNB

ANTHONY NATHANIEL ROMERO,

Plaintiff,

v.

JAMES LANDER, M.A., L.P.C., Colorado Department of Corrections Sex Offender Treatment Program Coordinator, and COLORADO DEPARTMENT OF CORRECTIONS,

Defendants.

## DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (DOC. 59)

Defendants, through their attorney, the Colorado Attorney General, hereby submit the following Reply to Plaintiff's Objection to Recommendation of United States Magistrate Judge (Doc. 59, filed November 5, 2010).

## NATURE OF THE CASE

Plaintiff is an inmate of the Colorado Department of Corrections (CDOC) who brought suit under 42 U.S.C. § 1983, alleging constitutional violations related to his classification as an "S-4" sex offender. Doc. 33-1, p. 1. According to the Amended Complaint, Plaintiff has been incarcerated on at least three separate occasions. *Id.* at pp. 6-9. During his second incarceration, Plaintiff was classified as S-4 based on an administrative hearing occurring on September 13, 2000. *Id.* at p. 7. Plaintiff discharged his sentence and returned to the CDOC in July 2006 to serve a 32-year sentence for Second Degree Assault. *Id.* at p. 9. On May 22, 2009, the Sex Offender

Treatment and Management Program (SOTMP) team at the Fremont Correctional Facility conducted a review and determined Plaintiff would remain an S-4.  *Id.* at p. 10.

Magistrate Judge Boland recommended all of Plaintiff's claims be dismissed.  *See* Doc. 58.  Judge Boland determined Plaintiff's substantive and procedural due process claims are barred by the statute of limitations since his S-4 classification occurred in September 2000 and he did not file the instant action until October 2009.  Doc. 58, p. 9.  Judge Boland also determined that Plaintiff's Fifth Amendment and Ex Post Facto Clause claims are barred by the statute of limitations.  *Id.* at pp. 12, 14.  In the alternative, the Fifth Amendment privilege against self-incrimination is not violated when an inmate is given the choice between participating in sex offender treatment and receiving earned time.  *Id.* at p. 12 9.  Further, Plaintiff's classification and requirement that he participate in the SOTMP does not violate the Ex Post Facto Clause because it does not criminalize conduct that was legal before its enactment.  *Id.* at p. 14.

## STANDARD OF REVIEW

When a party files an objection to a Magistrate Judge's recommendation within the prescribed time period, the objecting party may obtain *de novo* review from the District Court.[1]  Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  The District Judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's

---

[1] Plaintiff failed to file his Objection within the prescribed time period of fourteen days.  The Recommendation was electronically served on the parties on October 19, 2010.  Therefore, Plaintiff had until on or before November 2, 2010 to file an objection under Fed. R. Civ. P. 72(b) and D.C.COLO.LCivR 5.2(E).  Plaintiff did not file his objection until November 5, 2010.

disposition to which specific written objection has been made in accordance with this rule. Fed. R. Civ. P. 72(b). "The District Judge may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS AND HE IS NOT ENTITLED TO A SECOND *CHAMBERS* HEARING.

The essence of Plaintiff's Objection is that his claims were timely filed because the date of Plaintiff's injury does not accrue from the September 2000 hearing, but rather from his current incarceration in May 2009. Doc. 59, p. 2. Plaintiff does not argue there was a continuing violation, but rather a separate and distinct injury caused by the re-imposition of the S-4 classification in 2009 without a new hearing pursuant to *Chambers v. Colorado Dept. of Corrections*, 205 F.3d 1237 (10th Cir. 2000), *cert. denied*, 531 U.S. 962 (2000), which resulted in new adverse consequences.

As noted in the Recommendation, § 1983 claims accrue when a plaintiff knows or should have known his or her constitutional rights have been violated. *Smith v. City of Enid ex rel. Enid Cith Comm'n*, 149, F.3d 1151, 1154 (10th Cir. 1998). It is not the consequences or continuing ill effects of the action that triggers the statute of limitations. *See Bergman v. United States*, 751 F.2d 314, 317 (10th Cir. 1984). Plaintiff knew of the alleged constitutional violation when his hearing occurred in September 2000. Even though Plaintiff was classified S-4 in May 2009 upon his new incarceration, it cannot be disputed that the 2009 classification occurred solely because of the hearing in 2000.

3

Even though the S-4 classification was "re-imposed," this could only have occurred as a result of the 2000 S-4 hearing. The two events cannot be separated. Even Plaintiff states he was classified as a sex offender in May 2009 "based wholly upon prior classifications of him as a sex offender in prior incarcerations in which inadequate procedural safeguards were extended to him." Doc. 59, p. 5, FN 3.

Plaintiff seeks to assert claims for both a review of the 2000 classification and a for the denial of a new hearing in 2009. He cannot have it both ways. The statute of limitations does not permit a claim based on alleged due process violations stemming from the 2000 hearing. Plaintiff exceeded the time limitation by more than seven years.

Plaintiff has no right to a second *Chambers* hearing upon his re-incarceration. Indeed, if Plaintiff received another hearing in 2009, the basis of the hearing would be the same facts contained in the presentence investigation report utilized in the September 2000 hearing. Plaintiff already had the opportunity to challenge the constitutionality of that hearing and failed to do so.

Under Plaintiff's analysis, he and all CDOC inmates would be entitled to a new hearing and a new review every time they were re-incarcerated. There is no case law in support of this theory. On the contrary, *Chambers* specifically held that the plaintiff should have been provided "a" hearing to challenge the label as a sex offender. *See Chambers*, 205 F.3d at 1243. *See also Murphy v. CDOC et al.,* 2010 WL 2222779 *3

4

(10th Cir. (Colo.) June 4, 2010)(An inmate does not have the right to reconsideration of his sex offender classification).[2]

### II. PLAINTIFF FAILED TO STATE A FIFTH AMENDMENT CLAIM AND A CLAIM FOR VIOLATION OF THE EX POST FACTO CLAUSE.

Plaintiff asserts his Fifth Amendment and Ex Post Facto Clause claims are not barred by the statute of limitations because they apply to his current 2009 incarceration. Doc. 59, pp. 8, 12. Again, the classification at issue cannot be separated into distinct events since Plaintiff's Fifth Amendment and Ex Post Facto Clause claims necessarily stem from his 2000 classification.

Even if these claims were permitted, the law regarding such is clearly established as noted by Judge Boland. Requiring an inmate to admit to a sex offense as a prerequisite to participation in sex offender treatment does not violate the Fifth Amendment, even though it may result in ineligibility for earned time credits or a ban on visitation with one's children. *See McKune v. Lile,* 536 U.S. 24, 35 (2002); *Wirsching v. Colorado*, 360 F.3d 1191, 1204 (10th Cir. 2004). In addition, requiring Plaintiff to participate in the SOTMP and placing restrictions on him as part of the treatment does not violate the Ex Post Facto Clause because it does not affect the legal consequences of Plaintiff's crime or increase his punishment. *See Chambers*, 205 F.3d at 1241-42

---

[2] An "S-5" inmate has a conviction for a sex offense and does not receive a classification hearing since he or she received due process protections in a prior criminal setting. *Neal v. Shimoda*, 131 F.3d 818, 831 (9th Cir. 1997)(cited with approval in *Chambers*, 205 F.3d at 1243). Using Plaintiff's reasoning, S-5 inmates would be permitted to re-litigate their underlying criminal convictions during each subsequent incarceration and classification.

("application of the SOTP to him has not increased his punishment for he possesses no vested right in a particular parole date or parole hearing eligibility date"); *Neal*, 131 F.3d at 825-27 (The SOTP does not criminalize conduct legal before its enactment and the treatment program is intended to be rehabilitative, not retributive).

## CONCLUSION

*Chambers* entitles an inmate to one classification hearing rather than one every time he or she returns to prison. Therefore, Defendants respectfully request that the Court adopt the Recommendation of the Magistrate Judge and grant Defendants' Motion to Dismiss Second Amended Complaint (Doc. 47).

Respectfully submitted this 18th day of November, 2010.

JOHN W. SUTHERS
Attorney General


s/ Jennifer S. Huss
JENNIFER S. HUSS, # 36176
Assistant Attorney General
Civil Litigation & Employment Law Section
Attorneys for Defendants

1525 Sherman Street, 5th Floor
Denver, Colorado  80203
Telephone: (303) 866-4472
Facsimile: (303) 866-5443

## CERTIFICATE OF SERVICE

This is to certify that I have duly served the within REPLY TO PLAINTIFF'S OBJECTION TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE (DOC. 59) upon all parties herein by depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this 18th day of November 2010, addressed as follows:

Richard Byron Peddie, Esq.
RICHARD BYRON PEDDIE, P.C.
1601 Flemming Drive
Longmont, CO  80501
lawstudios@comcast.net

*Courtesy Copies by E-mail to:*
Keith Nordell, CDOC
Dennis Burbank, CCF
Peggy Heil, CDOC
Richard Lins, CDOC

s/ Mariah Cruz-Nanio