**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-02388-REB-BNB

ANTHONY NATHANIEL ROMERO,

    Plaintiff,

v.

JAMES LANDER, Colorado Department of Corrections Sex Offender Treatment Program Coordinator, 2862 S. Circle Drive, Colorado Springs, Colorado 80906,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the defendants' **Motion To Dismiss Second Amended Complaint** [#47][1] filed July 22, 2010; and (2) the **Recommendation of United States Magistrate Judge** [#58] filed October 19, 2010. The plaintiff filed objections [#59] to the recommendation, and the defendants filed a reply [#61] to the objections.  I overrule the objections, approve and adopt the recommendation, and grant the motion to dismiss.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, the plaintiff's objections, the defendants' reply, and the applicable law. The recommendation is detailed and well-reasoned.  The plaintiff's objections, while well-argued, are without merit.

---

[1] "[#47]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

In his recommendation the magistrate judge provides a detailed description of the plaintiff's factual allegations. For the sake of brevity and clarity, I summarize the key facts.

The plaintiff, Anthony Romero, is an inmate in the Colorado Department of Corrections (DOC).  In 1995, Romero was serving a sentence in the DOC.  At that time the DOC classified Romero as a sex offender, even though he has never been convicted of a sex offense.  The reported incident on which the sex offender classification was based occurred in 1993.  Romero's efforts to challenge this classification were not successful.  Romero was released on parole in 1995, and his parole officer instructed him to register with local authorities as a sex offender.  Romero refused, his parole was revoked, and he was returned to prison.  He again was released soon after his return to prison.

In 1999, Romero began to serve a new sentence in the DOC based on different convictions.  In May 2000, he received a DOC notice of an administrative review hearing concerning his possible classification as a sex offender.  The notice indicated that although Romero had never been convicted of a sex offense, he "has a history of sexual behavior that may justify a sex offender designation." *Second Amended Complaint* [#42], ¶ 48. An administrative hearing was held on September 13, 2000, after which Romero was classified S-4, a DOC sex offender classification for inmates who are deemed guilty of sexual misconduct, but who have not been formally convicted of a sex offense.

Based on Romero's S-4 classification, the DOC required him to choose between participating in the DOC's Sex Offender Treatment and Monitoring Program (SOTMP) or suffering a reduction in the number of days of earned time credit he could accumulate each month.  An inmate may not participate in the SOTMP unless he signs an admission

that he is a sex offender. Romero consistently contends that he is not a sex offender and that the reports about the 1993 incident on which the classification is based are vindictively factitious. Romero refused to admit to being a sex offender, was rejected by the SOTMP and, as a result, was denied four days of earned time credit each month for the duration of his sentence.

Romero was released on parole in 2003, and his parole officer instructed him to register with local authorities as a sex offender. Romero refused, his parole was revoked, and he was returned to the DOC. Romero discharged his sentence in 2005 and was released.

Romero returned to the DOC in 2006 to begin serving a new 32 year sentence. In May 2009, the DOC informed Romero that it had conducted a review of his SOTMP file from his prior incarcerations and determined that his previous S-4 classification would be continued or reimposed. Romero was not offered a hearing concerning this decision. As a result of his S-4 classification, Romero is not permitted to possess photographs that show his children, is not permitted to visit his children, and his ability to correspond with his children is restricted.

In his complaint, Romero asserts four claims: (1) that the defendants classified him as S-4 in violation of his right to procedural due process; (2) that his S-4 classification violates his substantive due process rights; (3) that the SOTMP compels Romero to admit sexual misconduct in violation of his Fifth Amendment right against self-incrimination; and (4) that Romero's S-4 classification violates the *Ex Post Facto* Clause of the United States Constitution.

The magistrate judge concluded that each of Romero's four claims is barred by the applicable statute of limitations. I agree with the magistrate judge's analysis.

Romero argues, *inter alia*, that he suffered a separate and discrete injury in May 2009, when the DOC informed him that his previous S-4 classification is applicable during his current incarceration. Romero contends that a new claim accrued in May 2009. I disagree.

As noted by the magistrate judge, "(t)he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." ***Industrial Constructors Corp. v. United States Bureau of Reclamation***, 15 F.3d 963, 969 (10th Cir. 1994)."A  civil rights action accrues when facts that would support a cause of action are or should be apparent." ***Fratus v. Deland***, 49 F.3d 673, 675 (10th Cir. 1995).   Romero knew of his S-4 classification in May 2000, and he was aware at that time of many of the consequences that classification carries while he is incarcerated in the DOC.  Romero lived with those consequences while incarcerated in the DOC until 2003, when he was released on parole.

The adverse consequences continued after Romero's release.  Romero's parole officer instructed Romero to register as a sex offender, Romero refused, and Romero's parole was revoked as a result.

Romero was incarcerated again until 2005.  Through this series of events, as described in Romero's complaint, Romero undoubtedly was aware of the "existence and cause of the injury which is the basis of his action." ***Industrial Constructors***, 15 F.3d at 969.  The fact that the consequences of Romero's S-4 classification continue now does not extend the period of limitations.  Thus, I agree with the conclusion of the magistrate judge that DOC's decision to continue Romero's S-4 classification during Romero's current  incarceration does not constitute a separate and distinct cause of Romero's alleged injuries.

The period of limitations applicable to Romero's claims is two years. ***Hunt v. Bennett***, 17 F.3d 1263, 1265 - 1266 (10th Cir. 1994); §13-80-102, C.R.S.  Romero's claims accrued in May of 2000 and Romero filed his initial complaint [#3] in this case on October 7, 2009.  Thus, Romero's claims are barred.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#58] filed October 19, 2010, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the objections stated in the plaintiff's **Objections To Recommendation of United States Magistrate Judge** [#59] filed November 5, 2010, are **OVERRULED**;

3. That under Fed. R. Civ. P. 12(b)(6), the defendants' **Motion To Dismiss Second Amended Complaint** [#47] filed July 22, 2010, is **GRANTED**;

4. That the plaintiff's **Second Amended Complaint** [#42] filed July 13, 2010, is **DISMISSED** with prejudice;

5. That **JUDGMENT SHALL ENTER** in favor of the defendants, James Lander, and the Colorado Department of Corrections, against the plaintiff, Anthony Nathaniel Romero;

6. That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

7. That this case is **CLOSED**.

Dated February 14, 2011, at Denver, Colorado.

                                                                  **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge